UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TOWNE GARDENS, LTD.,

        Plaintiff,

v.

**DECISION AND ORDER**
04-CV-292S

MCDONALD'S CORP.,

        Defendant.

## I. INTRODUCTION

This diversity action arises out of a lease agreement between Plaintiff Towne Gardens, Ltd. and Defendant McDonald's Corp. Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 & 2202 declaring the parties' respective rights under the agreement, particularly as it pertains to the payment of taxes.

Presently before this Court are three motions: (1) Plaintiff's Motion for Summary Judgment,[1] (2) Defendant's Cross-Motion for Summary Judgment,[2] and (3) Plaintiff's Motion to Strike the Jenkins Affidavit.[3] For the reasons discussed below, Plaintiff's Motions for Summary Judgment and to Strike the Jenkins Affidavit are denied. Defendant's Motion for Summary Judgment is granted in part and denied in part.

---

[1] In support of its motion, Plaintiff filed a memorandum of law, the Affirmation of Lester Sconiers, with attached exhibits, a Rule 56 Statement of Undisputed Facts, and a reply memorandum of law. In opposition to Plaintiff's motion, Defendant filed a memorandum of law, the Affidavit of Michele A. Jenkins, and a Response to Plaintiff's Rule 56 Statement of Undisputed Facts.

[2] In support of its motion, Defendant filed a memorandum of law, the Affidavit of Michele A. Jenkins, with attached exhibits, and a Rule 56 Statement of Undisputed Facts. In opposition to Defendant's motion, Plaintiff filed a memorandum of law.

[3] In support of its motion, Plaintiff filed a memorandum of law, the Affirmation of Lester Sconiers, with attached exhibits, and a reply memorandum of law. In opposition to Plaintiff's motion, Defendant filed a memorandum of law, the Affidavit of Michele A. Jenkins, and the Affidavit of Allison Fields Stravino.

1

## II. BACKGROUND

**A.     Facts**

Unless otherwise noted, the following facts are undisputed. Towne Gardens is a shopping center located at the corner of William and Jefferson Streets in the City of Buffalo, New York. In March of 1997, McDonald's entered an agreement with Towne Gardens to lease a portion of the shopping center for purposes of constructing a McDonald's franchise restaurant. The leased parcel is referred to as the "Demised Premises" in the lease documents, and will be referred to in the same way herein. (Ground Lease,[4] Exhibit A.)

The Tax Addendum to the lease documents provides for the payment of taxes as follows:

> Except as provided in Paragraph 5 below,[5] Tenants [McDonald's] shall pay promptly and before they become delinquent all general real estate taxes imposed at any time during the term or any extension of this Lease, upon or against the Demised Premises, including the land and all buildings, furniture, fixtures, equipment and improvements now or later located on the property, lawfully assessed either in the name of the Landlord [Towne Gardens], fee owner or Tenant. For purposes of this Tax Addendum only, the term "Demised Premises" shall not be deemed to include any easement areas. Tenant's obligation to pay taxes shall commence to accrue on the date that Tenant's restaurant facility opens for business. Tenant shall not be responsible for any special assessments levied prior to or during the term of this Lease.

(Tax Addendum, ¶ 1.)

---

[4] The Ground Lease is contained in the record as Exhibit A to the Jenkins Affidavit.

[5] Paragraph 5 of the Tax Addendum is not implicated in this case. It relieves McDonald's from having to pay "any franchise, excise, estate, inheritance, income or similar tax" which may become payable by or imposed upon Towne Gardens. (Tax Addendum, ¶ 5.)

2

Paragraph 2 of the Tax Addendum sets forth the manner in which tax liability is to be determined. First, Towne Gardens is obligated to "use its best efforts" to obtain a separate tax assessment for the Demised Premises. (Tax Addendum, ¶ 2.) If the separate assessment is obtained, McDonald's is obligated to pay the taxing authority directly in satisfaction of its own assessment. (Tax Addendum, ¶ 2.)

If Towne Gardens does not obtain a separate assessment, McDonald's is obligated to pay Towne Gardens a fraction of the total tax bill calculated as follows:

> (A) in the case of land, if there is no separate assessment for the land comprising the Demised Premises, the numerator of the fraction shall be the land area of the Demised Premises, and the denominator of the fraction shall be the total land area of the property covered by the tax bill; (B) in the case of buildings, if there is no separate assessment for the building(s) on the Demised Premises, the numerator of the fraction shall be the area of the building(s) on the Demised Premises, and the denominator of the fraction shall be the total area of all buildings located on the property covered by the tax bill.

(Tax Addendum, ¶ 2.)

On August 8, 1997, James F. Anderson, president of Towne Gardens' commercial management agent, sent McDonald's a letter, which he signed as "agent for" Towne Gardens. (Anderson Letter.[6]) In pertinent part, the letter provides as follows:

> Towne Gardens Ltd., as Landlord, understands that, its Tenant, McDonald's Corporation, has qualified for tax relief under the EDZ regulations. Towne Gardens hereby agrees that if Tenant is unable to obtain a separate tax assessment, that Tenant will not be responsible for paying a portion of the Towne Gardens tax bill until said tax relief expires.

(Anderson Letter, Attachment.)

---

[6] A copy of the Anderson letter is included in the record as Exhibit B to the Jenkins Affidavit.

The McDonald's franchise opened for business on or about September 4, 1997. Between September 4, 1997, and March 24, 2003, Towne Gardens made no demand on McDonald's for the payment of any real estate taxes. (Sconiers Aff., ¶ 4; Jenkins Aff., ¶ 8.) On March 24, 2003, Virlee Townsel, the manager of the Towne Gardens Plaza, sent McDonald's a letter informing it that an audit revealed that McDonald's owed Towne Gardens $18,086 in unpaid tax contributions for the period covering September 4, 1997, through December 31, 2002.[7] (Townsel Letter.[8]) Towne Gardens and McDonald's thereafter exchanged letters disputing Towne Gardens' demand.

In a letter from Towne Gardens' lawyer, Lester Sconiers, to McDonald's legal department dated August 8, 2003, Towne Gardens revised its demand to $80,162.44. (Sconiers Letter.[9]) This demand figure is based on a fraction calculation not found in paragraph 2 of the Tax Addendum.[10] (Sconiers Letter.) As calculated by Towne Gardens, the amount of McDonald's tax liability under paragraph 2 of the Tax Addendum would be $19,920.57. (Sconiers Letter.) The difference between the two calculations is $60,241.87.

---

[7] Towne Gardens did not obtain a separate tax assessment for the Demised Property during this period.

[8] A copy of the Townsel letter is included in the record as Exhibit C to the Jenkins Affidavit.

[9] A copy of the Sconiers letter is included in the record as Exhibit E to the Jenkins Affidavit.

[10] Towne Gardens applied a new fraction calculation based on its claim that the calculations in the Tax Addendum did not take into account increases in tax assessments that came as the result of the buildings and land increasing in value because of the construction of the restaurant. (Sconiers Letter.)

After several more letters back and forth disputing Towne Gardens' demand, Towne Gardens advised McDonald's that it would pursue default proceedings if its demand was not paid. (Sconiers 2d Letter.[11]) In response, Karen Burns, a paralegal employed by McDonald's, sent Towne Gardens a check for $80,162.44, the full amount of the demand. (Burns Letter.[12]) McDonald's thereafter determined that its tax liability should have been computed according to paragraph 2 of the Tax Addendum, rather than according to Towne Gardens' new fraction calculation. (Jenkins Aff., ¶ 17.) It therefore stopped payment on its $80,162.44 check and sent Towne Gardens a second check for $19,920.57. (Jenkins Letter.[13]) Towne Gardens continued to demand that McDonald's pay $80,162.44. (Sconiers 3d Letter.[14]) McDonald's refused. This action followed.

**B.   Procedural History**

Towne Gardens originally instituted this action on March 12, 2004, by filing a Summons and Complaint in New York State Supreme Court. McDonald's then removed the action here on April 13, 2004, pursuant to 28 U.S.C. § 1441(a). On February 28, 2005, Towne Gardens filed a Motion for Summary Judgment. Thereafter, the parties engaged in settlement negotiations. After those efforts failed, McDonald's filed a Cross-Motion for Summary Judgment on July 13, 2005. Approximately two weeks later, on July 28, 2005, Plaintiff filed a Motion to Strike the Jenkins Affidavit. This Court took the motions under advisement without oral argument.

---

[11] A copy of the Sconiers 2d letter is included in the record as Exhibit F.

[12] A copy of the Burns letter is included in the record as Exhibit H to the Jenkins Affidavit.

[13] A copy of the Jenkins letter is included in the record as Exhibit I to the Jenkins Affidavit.

[14] A copy of the Sconiers 3d Letter is included in the record as Exhibit J to the Jenkins Affidavit.

5

## III.  DISCUSSION

At the outset, this Court notes that it has reviewed and considered Towne Gardens' Motion to Strike the Jenkins Affidavit and finds it to be without merit.  In this Court's view, the Jenkins Affidavit comports with the requirements of Rule 56 of the Federal Rules of Civil Procedure.  It will therefore be considered.

### A.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under governing law." Id.

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion." Addickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S.Ct.1598, 1609, 26 L.Ed.2d 142 (1970).  "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).  The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

**B.     Cross-Motions for Summary Judgment**

The parties have cross-moved for summary judgment. Towne Gardens argues that it is entitled to summary judgment because the terms of the lease agreement are unambiguous and provide that McDonald's is responsible for reimbursing it for taxes dating back to September 4, 1997. Moreover, Towne Gardens argues that by initially tendering a check for $80,162.44, McDonald's has, by means of accord and satisfaction, agreed that the new fraction calculation method first set forth in the Sconiers Letter controls.

McDonald's argues that by virtue of the Anderson letter, Towne Gardens has waived any right to collect tax reimbursement from McDonald's. Further, McDonald's argues that Towne Gardens should be estopped from arguing that no waiver occurred. Alternatively, McDonald's argues that any taxes due should be calculated as set forth in paragraph 2 of the Tax Addendum, and not in accordance with the calculation method set forth in the Sconiers Letter.

**1.     Obligation to Pay Taxes**

It is well-settled that where "a contract is clear, courts must take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself." <u>Red Ball Interior Demolition Corp. v. Palmadessa</u>, 173 F.3d 481, 484 (2d Cir. 1999). There appears to be no dispute that paragraph 1 of the Tax Addendum requires McDonald's to share in the cost of taxes. That provision unambiguously provides that McDonald's shall pay "all general real estate taxes imposed at any time" during the term of the lease. (Tax Addendum, ¶ 1.) This includes taxes on the "land and all buildings, furniture, fixtures, equipment and improvements now or later located on the property." (Tax Addendum, ¶ 1.) The dispute

concerns whether Towne Gardens waived McDonald's obligation to pay these taxes.

Waiver is the voluntary and intentional abandonment of a known contractual right. See Town of Hempstead v. Inc. Village of Freeport, 790 N.Y.S.2d 518, 520 (N.Y. App. Div. 2005). McDonald's argues that Towne Gardens waived its right to tax reimbursement, as evidenced by the Anderson letter. Moreover, McDonald's argues that principles of equitable estoppel bar Towne Gardens from now arguing that Mr. Anderson did not have authority to act as its agent under the terms of the lease.

Towne Garden relies on Paragraphs 19 and 22 of the lease agreement in support of its position that it did not waive its right to collect taxes from McDonald's. Paragraph 19(C) provides that "[n]o waivers, alterations, or modifications of this Lease or any agreements in connection with this Lease shall be valid unless in writing duly executed by both Landlord and Tenant." (Ground Lease, ¶ 19(C).) Paragraph 22 provides, in pertinent part, that "[a]ll negotiations, considerations, representations and understandings between the parties are incorporated in this document and may be modified or altered only by agreement in writing between the parties, and no act or omission of any employee or agent of the parties or any broker, if any, shall alter, change or modify any of the provisions of this Lease." (Ground Lease, ¶ 22.) Towne Gardens' position is that James Anderson was not its agent, but rather, was an agent of the commercial management company approved by the United States Department of Housing and Urban Development.[15] He was therefore not authorized to act for Towne Gardens under paragraphs 19(C) and 22 of the lease.

McDonald's argues that Towne Gardens should be equitably estopped from raising these arguments because it waited six years to demand reimbursement. It also notes that

---

[15] See Exhibit G of the Jenkins Affidavit.

this failure to timely demand payment occurred despite the fact that Towne Gardens' counsel and managing general partner were copied on the Anderson letter.

"Equitable estoppel is defined as '[t]he doctrine by which a person may be precluded by his act or conduct, or silence when it is his duty to speak, from asserting a right which he otherwise would have had.'" Besicorp Group, Inc. v. Enowitz, 652 N.Y.S.2d 366, 369 (N.Y. App. Div. 1997) (citing BLACK'S LAW DICTIONARY 538 (6th ed. 1990). "To establish an estoppel, a party must prove that it relied upon another's actions, its reliance was justifiable, and that, in consequence of such reliance, it prejudicially changed its position." Id. Whether a party should be equitably estopped is an issue of fact. See Reeve v. Gen. Accident Ins. Co., 658 N.Y.S.2d 143, 145 (N.Y. App. Div. 1997); Besicorp, 652 N.Y.S.2d at 369.

This Court finds that the questions of waiver and estoppel cannot be determined on summary judgment. At the least, material questions of fact exist regarding (1) whether James Anderson was Towne Gardens' agent, (2) whether McDonald's reliance on the Anderson letter was reasonable and justified, and (3) whether Towne Gardens' actions in delaying seeking payment from McDonald's amounts to acquiescence in McDonald's interpretation of the Anderson letter. Summary judgment is therefore not appropriate on this issue.[16]

### 2. Calculation of Taxes

As indicated, the parties dispute the way in which McDonald's portion of the taxes is calculated. Towne Gardens argues that paragraph 2 of the Tax Addendum cannot

---

[16]McDonald's also argues that Towne Gardens failed to mitigate its damages by not applying for certain tax abatement programs. Towne Gardens has not responded to this argument. Nonetheless, this Court finds that this issue involves factual questions that are not properly decided at this stage. For example, this Court has no information about the terms of the tax abatement programs, whether Towne Gardens and/or McDonald's are eligible, and what affect those abatement programs would have on the amount of taxes due.

9

control because it fails to account for the increase in the assessed value of the property that occurred based on the construction of the restaurant.  Therefore, the calculations set forth therein do not fairly represent the total amount of taxes McDonald's is responsible for under paragraph 1 of the Tax Addendum.  That is, applying the calculation in paragraph 2 of the Tax Addendum does not result in McDonald's paying "all general real estate taxes" including taxes on the "land and all buildings, furniture, fixtures, equipment *and improvements* now or later located on the property."  (Tax Addendum, ¶ 1 (emphasis added).)  Further, Towne Gardens argues that under the contract principle of accord and satisfaction, McDonald's initially tendering of a check for $80,162.44 demonstrated its acceptance of Towne Gardens' proffered new calculation method.

McDonald's argues that the language of the Tax Addendum is clear and unambiguous, and provides that any contribution for taxes attributable to McDonald's will be determined by either a separate assessment of the Demised Properties, or in accordance with the agreed-upon fractions in paragraph 2 of the Tax Addendum.  It further argues that no accord and satisfaction has occurred.

When "'the intent of the parties can be determined from the face of the agreement, interpretation is a matter of law,' and a claim turning on that interpretation may thus be determined by summary judgment or by dismissal." PaineWebber, Inc. v. Bybyk, 81 F.3d 1193, 1199 (2d Cir. 1996) (quoting American Express Bank Ltd. v. Uniroyal, Inc., 164 A.D. 2d 275, 277 (1st Dep't 1990)).  A party "cannot create an ambiguity in an otherwise plain agreement merely by 'urg[ing] different interpretations in the litigation.'" Palmadessa, 173 F.3d at 484.

This Court detects no ambiguity in the Tax Addendum.  As McDonald's argues, it

10

provides for calculation of taxes owed in two ways.  First, if there is a separate assessment, then McDonald's is responsible directly to the taxing authority for its own assessment.  (Tax Addendum, ¶ 2.)  Second, if there is no separate assessment, then McDonald's tax contribution is to be determined according to the fraction calculation in paragraph 2.  (Tax Addendum, ¶ 2.)  It is clear that both parties intended that the apportionment provisions in paragraph 2 would fully compensate Towne Gardens for the taxes set forth in paragraph 1 of the Tax Addendum.  The parties never agreed on any other manner of calculating McDonald's share of taxes, and there is surely no provision in the lease that permits the wholesale recalculation of the fraction amounts in paragraph 2.  Towne Gardens' new tax calculation, as set forth in the Sconiers Letter, is simply a unilateral attempt to secure better lease terms.

This Court is similarly unpersuaded by Towne Gardens' argument that the $80,162.44 check tendered by McDonald's constituted an accord and satisfaction demonstrating McDonald's acquiescence in the new fraction calculation proposed in the Sconiers Letter.  First, there was no accord and satisfaction.  To establish accord and satisfaction, there must be "a genuine dispute regarding an unliquidated claim between the parties which they mutually resolved through a new contract discharging all or part of their obligations under the original contract."  Trans World Grocers, Inc. v. Sultana Crackers, Inc., 684 N.Y.S.2d 284, 285 (N.Y. App. Div. 1999); see also Carnrite v. Granada Hosp. Group, Inc., 175 F.R.D. 439, 449 (W.D.N.Y. 1997) ("Under New York law, an accord and satisfaction is the resolution of a disputed, unliquidated claim through a new contract discharging all of part of the parties' obligations under the original contract . . . .").

Here, there was no new contract to discharge McDonald's debt for a lesser amount of money.  McDonald's tendered the payment check, and then upon further inquiry,

11

determined that the debt was not owed. It then stopped payment on its check. The requirements for accord and satisfaction are therefore not met.

Second, even assuming that there was an accord and satisfaction, it would only extend to the dispute over whether $80,162.44 was owed for the relevant time period. It would not constitute an agreement by McDonald's to change paragraph 2 of the Tax Addendum. Cf. Carnrite, 175 F.R.D. at 449 (accord and satisfaction is a defense to a breach of contract claim). This is particularly true given the express requirements for modifying the lease. (Ground Lease, ¶¶ 19(c) & 22.)

Accordingly, this Court finds that McDonald's is entitled to summary judgment on the issue of how taxes are to be computed under the lease. As discussed above, the tax computation provisions in paragraph 2 of the Tax Addendum are controlling until such time as the parties agree otherwise. The new fraction calculation proffered by Towne Gardens in the Sconiers Letter is of no effect.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment and to Strike the Jenkins Affidavit are denied. Defendant's Cross-Motion for Summary Judgment is granted in part and denied in part consistent with this Decision and Order.

## V.  ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for Summary Judgment (Docket No. 18) is DENIED.

FURTHER, that Defendant's Cross-Motion for Summary Judgment (Docket No. 31)

12

is GRANTED in part and DENIED in part consistent with this Decision and Order.

FURTHER, Plaintiff's Motion to Strike the Jenkins Affidavit (Docket No. 35) is DENIED.

SO ORDERED.


Dated:   September 29, 2005
         Buffalo, New York

                                             /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                             United States District Judge